IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **FRANCISCO VILLARREAL,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **CIVIL ACTION NO. 1:15-11467** |
| **v.** ) | |
| ) | |
| **BART MASTERS, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On July 23, 2015, Petitioner, acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody and Memorandum in Support. (Document Nos. 1 and 2).[1] In his Petition, Petitioner complains that his due process rights were violated during disciplinary proceedings causing a loss of a liberty interest in his good time credit. (Id.) Specifically, Petitioner complains that the "DHO Hearing Officer was unauthorized to rehear an Incident Report that had occurred at a private facility and prior sanctions were imposed by a private, unauthorized official." (Id.) Petitioner acknowledges that "after contending that an unauthorized official imposed sanctions, the United States requested the FBOP to rehear the incident." (Id.) Petitioner, however, asserts that "the FBOP was unauthorized to rehear an incident that it never had jurisdiction to hear in the initial stages of the case." (Id.) As relief, Petitioner requests that the Court "fully restore Petitioner's disallowed 41 days of good conduct time." (Id.)

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

By Order entered on September 9, 2015, United States Magistrate Judge R. Clarke VanDervort ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of Habeas Corpus sought by the Petitioner in this case should not be granted. (Document No. 6.) On October 7, 2015, Respondent filed his Response to the Order to Show Cause. (Document No. 9.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "Petitioner failed to exhaust his administrative remedies" (Id., pp. 4 – 5.); and (2) "The BOP DHO has the authority to impose sanctions upon Petitioner" (Id., p. 6.).

As Exhibits, Respondent attaches the following: (1) The Declaration of Sharon Wahl (Document No. 9-1, pp. 2 - 4.); (2) A copy of Petitioner's "Inmate Discipline Data Chronological Disciplinary Record" dated September 15, 2015 (Id., p. 6.); (3) A copy of Regional Director J.F. Caraway's Response to Regional Administrative Remedy dated April 22, 2015 (Id., p. 8.); (4) A copy of Petitioner's "Regional Administrative Remedy Appeal" dated February 23, 2015 (Id., p. 9.); (5) A copy of the "Incident Report" dated January 10, 2014, indicating that Petitioner violated Offense Code 108, Possession of a Hazardous Tool (Id., pp. 10, 12 - 13.); (6) A copy of Petitioner's "Inmate Discipline Data Chronological Disciplinary Record" dated March 10, 2015 (Id., p. 11.); (7) A copy of the "Inmate Rights at Discipline Hearing" dated January 13, 2014 (Id., p. 14.); (8) A copy of the "Notice of Discipline Hearing Before the DHO" dated January 13, 2014 (Id., p. 15.); (9) A copy of a photograph of four cell phones, three cell phone batteries, one cell phone charger, and a stool where the items were concealed (Id., pp. 16 - 18.); (10) A copy of the phone records from the Boost Mobile Website regarding phone number 713-878-7837 (Id., p.

19.); (11) A copy of Petitioner's PCS inmate phone system account (Id., pp. 20 – 21.); (12) A copy of a Memorandum dated December 21, 2013, from Mr. R. Villa from Big Spring Correctional Center to Captain Aguirre (Id., p. 22.); (13) A copy the "Evidence Chain of Custody" from the Big Spring Correctional Center (Id., p. 23.); (14) A copy of the BOP's "Confiscation and Disposition of Contraband" dated December 21, 2013 (Id., p. 24.); (15) A copy of Petitioner's "Resident Funds Inquiry" (Id., p. 25.); (16) A copy of the "Discipline Hearing Officer Report" dated January 10, 2014 (Id., pp. 26 – 29.); (17) A copy of the "Discipline Hearing Officer Report" of the Rehearing dated May 4, 2015 (Id., pp. 31 – 34.); and (18) A copy of Petitioner's "Administrative Remedy Generalized Retrieval" dated September 15, 2015 (Id., pp. 36 – 40.).

On December 21, 2015, Petitioner filed his Reply. (Document No. 12.) First, Petitioner argues that exhaustion of his administrative remedies would be futile "because the BOP is not going to find that it lacks jurisdiction to have reheard Petitioner's case." (Id., p. 1.) Next, Petitioner asserts "staff at FCI McDowell had no rightful foundation to sanction Petitioner, [because] Petitioner has not received the incident report while housed at the facility." (Id., pp. 2 – 3.)

## DISCUSSION

**1.    Failure to Exhaust Administrative Remedies:**

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, Courts consistently require prisoners to exhaust their administrative remedies prior to seeking *habeas* review under Section 2241. See McClung v. Shearin, 90 F. Appx. 444, 445 (4th Cir. 2004)(unpublished)(citing Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001));

3

Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into Court.  See Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910,166 L.Ed.2d 798 (2007); McCarthy v. Madigan, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). The purpose of exhaustion, however, is frustrated "[w]hen an inmate attempts to exhaust an issue before the issue is ripe for review [because] the BOP is deprived of its opportunity to properly address the issue before being haled into court." Specter v. Director, 2010 WL 883733, * 4 (D.S.C. Mar. 5, 2010)(slip copy)(finding that petitioner failed to properly exhaust his claim for RRC placement because "no recommendation or decision had been made in his case yet and would not occur until 17 to 19 months prior to his anticipated release date").

The BOP has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the

4

appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

    In his Response, Respondent argues that Petitioner failed to exhaust his administrative remedies. (Document No. 9, pp. 4 - 5) Specifically, Respondent argues that "Petitioner failed to exhaust administrative remedies with regard to appealing his reheard disciplinary action for Incident Report No. 2535958." (Id., p. 5.) Respondent explains that "Petitioner successfully appealed his original DHO action, ultimately having it remanded for rehearing at FCI McDowell." (Id.) Respondent contends that "following the rehearing, Petitioner was required to exhaust administrative remedies on the reheard action before challenging it in this Court." (Id.)

Respondent, therefore, argues that Petitioner failed to properly exhaust his administrative remedies. (Id.) In support, Respondent submits the Declaration of Ms. Sharon Wahl, a Paralegal for the Consolidated Legal Center at FCI Beckley. (Document No. 9-1, pp. 2 - 4.) Ms. Wahl declares that in her position she has access to SENTRY, the Bureau of Prisons' online system containing, among other things, information about inmates' administrative remedy filings. (Id., p. 2.) Ms. Wahl explains that she also has access to information regarding inmates in the BOP's custody. (Id.) Specifically, Ms. Wahl states as follows in her Declaration:

> 5. Petitioner is challenging disciplinary action he received as a result of a rehearing conducted at FCI McDowell.
>
> 6. The disciplinary action originated while he was incarcerated at Big Spring Correctional Center ("BSCC"), Big Spring, Texas.
>
> 7. BSCC is a contractor-owned and operated facility.
>
> 8. The BOP contracts with The GEO Group, Inc., to house approximately 3,500 low security criminal alien inmates at this facility.
>
> 9. Petitioner received Incident Report Number 2535958 for an incident occurring on December 21, 2013 at BSCC, charging him with a violation of Code 108, Possessing a Hazardous Tool (Cell Phone).
>
> 10. Petitioner had Discipline Hearing Officer ("DHO") hearing on January 28, 2014 at BSCC on Incident Report Number 2535958.
>
> 11. On March 4, 2015, Petitioner filed an administrative remedy (Remedy ID No. 813126-R1) at the Regional Office level challenging the disciplinary action taken against him at BSCC.
>
> 12. Petitioner's challenge to the DHO action at BSCC was based on the theory that the sanctions were imposed by a DHO who was employed by a private corporation, and not by the BOP.
>
> 13. Petitioner's remedy request was partially granted and closed on April 22, 2015, as the BOP's Mid-Atlantic Regional Office remanded the Incident Report for a rehearing at Petitioner's current institution, FCI McDowell.
>
> 14. Petitioner received a rehearing on Incident Report Number 2535958 on

        April 27, 2015 at FCI McDowell in front of a BOP DHO, R. Devereaux.

15. At the rehearing, the DHO imposed the same sanctions as were imposed at the previous hearing, including 41 days disallowance of good conduct time, 60 days disciplinary segregation (already served), loss of commissary, phone, and visiting privileges for 18 months, and a monetary fine of $100.00.

16. Petitioner filed Remedy ID 822458-R1 at the Regional Office level (BP-10) on May 26, 2015, presumably appealing Incident Report Number 2535958.

        \* \* \*

18. The administrative remedy appeal was rejected for Petitioner's failure to submit a copy of the DHO report or to otherwise identify the charges and the date of the action he was appealing.

19. Petitioner was advised that he could resubmit the remedy request within 10 days.

20. Petitioner appealed again at the Regional Office level, by filed Remedy ID No. 822458-R2 on June 19, 2015, which was also rejected for being on the wrong form.

21. Petitioner filed no other administrative remedies after that date.

(Id., pp. 2 - 3.)

        In Response, Petitioner argues that exhaustion of the administrative remedies would be futile. (Document No. 12, p. 1.) Specifically, Petitioner states that "exhaustion of administrative remedies would be futile at this point because the BOP is not going to find that it lacks jurisdiction to have reheard Petitioner's case." (Id.)

        In the instant case, Petitioner does not dispute that he failed to fully exhaust his administrative remedies. Petitioner, however, argues that he should be excused from exhaustion because exhaustion would be futile. Exhaustion may be excused under certain circumstances, such as by a showing of futility or irreparable injury. It is clear, however, that exhaustion should

not be excused simply because an inmate anticipates that he will be unsuccessful in the exhaustion process. See Thethford Properties IV Ltd. Partnership v. U.S. Dept. of Housing & Urban Development, 907 F.2d 445 (4th Cir. 1990)("Absent a clear showing that an administrative agency has taken a hard and fast position that makes an adverse ruling a certainty, a litigant's prognostication that he is likely to fail before an agency is not a sufficient reason to excuse the lack of exhaustion."); Dagley v. Johns, 2012 WL 2589996, * 2 (E.D.N.C. July 3, 2012)("[A] petitioner's conclusory prediction of failure is not sufficient to excuse his lack of administrative exhaustion."); Wright v. Warden, 2010 WL 1258181, * 1 (D.Md. Mar. 24, 2010)(slip copy)(finding that "[e]haustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative appeals before the 12-month pre-release mark"); Willis v. Warden, 2010 WL 1137570 (D.Md. March 19, 2010)("Allowing a petitioner to avoid the administrative process based on a mere conclusory assertion 'would allow the futility exception to swallow the exhaustion.'"). In the instant case, Petitioner concludes that exhaustion would be futile because "the BOP is not going to find that it lacks jurisdiction to have reheard Petitioner's case." Petitioner's conclusory claim that he would be un-successful during the exhaustion process is insufficient to establish futility. There is no clear showing that the BOP has "taken a hard and fast position that makes an adverse ruling a certainty." The record reveals that via the administrative remedy process, Petitioner successfully challenged the DHO's action at Big Spring Correctional Center based upon Petitioner's claim that the sanctions were imposed by a DHO that was employed by a private corporation. Based on the foregoing, the undersigned finds that Petitioner is not excused from exhausting his administrative remedies and his Petition should be dismissed. Notwithstanding the foregoing, the undersigned will briefly consider the

merits of Petitioner's claim.

**2.      BOP has Authority to Impose Sanctions:**

Petitioner argues that the BOP did not have authority to imposed sanctions based upon his alleged possession of a phone during his placement at Big Spring Correctional Center. As stated above, the BOP contracts with The GEO Group, Inc., to house approximately 3,500 low security criminal alien inmates. Title 18 U.S.C. § 4042(a)(3) provides that the BOP is responsible for "the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." Additionally, 28 C.F.R. § 541.1 allows "Bureau staff to impose sanctions on inmates who commit prohibited acts." Thus, the undersigned finds that the issuance of an Incident Report by non-BOP staff does not divest the BOP of authority to impose sanctions upon "persons charged with or convicted of offenses against the United States." See Ramos v. Masters, 2015 WL 7450076 (S.D.W.Va. Oct. 20, 2015)(rejecting petitioner's argument that FCI McDowell had no right to conduct a rehearing on incident reports that were generated at a private facility); Torres-Ramirez v. Benov, 2013 WL 6798948 (E.D.Cal. Dec. 20, 2013)(finding that an inmate could be disciplined by BOP staff for an incident that occurred in a privately run prison). Furthermore, the undersigned notes that Petitioner does not allege that he was denied the minimum due process safeguards set forth in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). A review of the record reveals that Petitioner received all of the minimum due process safeguards set forth in Wolff. Petitioner received all documents pertinent to the charges against him, was advised of his rights, and had ample opportunity to present a defense to those charges. Accordingly, the undersigned finds that the disciplinary hearing comported with the due process requirements and Petitioner's Section

2241 Petition should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document Nos. 1 and 2) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber,

and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: August 5, 2016.

Omar J. Aboulhosn
United States Magistrate Judge