# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT BLUEFIELD

**FRANCISCO VILLARREAL,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 1:15-11467**

**BARBARA RICKARD, Warden,**[1]

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

### I.  Introduction

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and recommendation ("PF&R").  Magistrate Judge Aboulhosn submitted his proposed findings and recommendation on August 5, 2016.  In that Proposed Findings and Recommendation, the magistrate judge recommended that this court dismiss plaintiff's application for Writ of Habeas Corpus, and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's

---

[1] The proper defendant in a habeas corpus matter is the plaintiff's custodian.  The current Warden at FCI McDowell is believed to be Barbara Rickard.  Accordingly, the Clerk is directed to modify the docket sheet to reflect that Barbara Rickard is the proper defendant herein, both in the style of the case and the short style at the top of the docket sheet.

Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985). Moreover, this court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Plaintiff filed timely objections to the Proposed Findings and Recommendation on August 15, 2016. The court has conducted a de novo review of the record as to those objections. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

## II. Background

On July 23, 2015, plaintiff filed an Application for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241. In that filing, he contends that he was denied due process during prison disciplinary proceedings that resulted in a loss of good time credits. Specifically, Villarreal contends that his due process rights were violated based upon disciplinary action he received as a result of a rehearing conducted at FCI McDowell. The disciplinary action originated while Villareal was housed at

Big Spring Correctional Center ("BSCC") in Texas, a private facility which contracts with the Bureau of Prisons ("BOP") to house federal inmates.  See Petition, ECF Nos. 1 and 2. Villarreal contends that the Discipline Hearing Officer ("DHO") at FCI McDowell did not have authority to rehear an incident report which was written and based upon conduct that occurred at a private facility.  See ECF No. 2.

Villarreal had a DHO hearing on January 28, 2014 at BSCC for an incident occurring on December 21, 2013, charging him with unauthorized possession of a cell phone.  See ECF No. 9-1 and exhibits attached thereto.  The DHO found that Villareal committed the prohibited act and imposed the following sanctions: 41 days disallowance of good conduct time, 60 days disciplinary segregation, loss of commissary, phone, and visiting privileges for 18 months, and a monetary fine of $100.00.  See id.

On March 4, 2015, Villarreal filed an administrative remedy (Remedy ID No. 813126-R1) challenging the disciplinary action taken against him at BSCC.  See id.  Specifically, he challenged the authority of a DHO who was employed by a private corporation to administer discipline.  See id.  Villarreal's administrative remedy was partially granted and the BOP's Mid-Atlantic Regional Office remanded the Incident Report for a rehearing at Villarreal's then current place of incarceration, FCI McDowell.

Villarreall received a rehearing on Incident Report Number 2535958 on April 27, 2015 at FCI McDowell in front of a BOP DHO, R. Devereaux. See id. At the rehearing, the DHO imposed the same sanctions as were imposed at the previous hearing, including 41 days disallowance of good conduct time, 60 days disciplinary segregation (already served), loss of commissary, phone, and visiting privileges for 18 months, and a monetary fine of $100.00. See id.

Magistrate Judge Aboulhosn recommended that the court dismiss plaintiff's § 2241 because Villarreal failed to exhaust his administrative remedies with respect to his claim that the DHO at FCI McDowell did not have authority to rehear an incident report which was written and based upon conduct that occurred at a private facility. Magistrate Judge Aboulhosn also briefly considered the merits of plaintiff's claim and concluded that the BOP had the authority to rehear the incident and impose discipline.

Villarreal objects to the PF&R's conclusion that he was required to exhaust his administrative remedies. According to Villarreal, "[t]he exhaustion requirements do not exten[d] to prisoners who have received incident reports while they were not in the FBOP" and that exhaustion in this case would be futile. ECF No. 24 at p.3. He also contends that "[t]he exhaustion of administrative remedies would lead Petitioner right back to this

court, to file the same writ all over again- and the respondent would entertain the exact same defense- dealing with this particular situation.  Therefore, the exhaustion of remedies to this extent would . . . be futile. . . ."  <u>Id.</u>

A plaintiff is not excused from exhausting his administrative remedies because he anticipates that he will not succeed.  "Absent a clear showing that an administrative agency has taken a hard and fast position that makes an adverse ruling a certainty, a litigant's prognostication that he is likely to fail before an agency is not a sufficient reason to excuse the lack of exhaustion."  <u>Thetford Props. IV Ltd. P'ship v. U.S. Dept. of Housing & Urban Dev.</u>, 907 F.2d 445, 450 (4th Cir. 1990)(holding that allowing parties "to avoid the administrative process on their unsupported allegation of futility would allow the futility exception to swallow the exhaustion rule"); <u>Hunter-Bey v. McGrew</u>, No. ED CV 14-00261-RGK(DFM), 2015 WL 1730369, *3 (C.D. Cal. Apr. 14, 2015)("[E]xcusing the exhaustion requirement would foreclose the agency from using its expertise to reach a decision that would correct any mistake, or, alternatively, develop a record to make the claim appropriate for judicial review."); <u>Dagley v. Johns</u>, No. 5:11-HC-2179-FL, 2012 WL 2589996, *2 (E.D.N.C. July 3, 2012)("[A] petitioner's conclusory prediction of failure is not sufficient to excuse his lack of administrative exhaustion."); <u>Wright v. Warden, FCI-Cumberland</u>, Civil Action No. RDB-10-671,

2010 WL 1258181, *1 (D. Md. Mar. 24, 2010) ("Unless the agency is certain to rule adversely, however, a petitioner's unsupported prediction of failure does not excuse his lack of administrative exhaustion.").

Villarreal has presented no facts showing the administrative procedure to be inadequate or its result predetermined. Indeed, plaintiff successfully appealed his original DHO action, ultimately having it remanded for rehearing at FCI McDowell. See ECF No. 9-1 and exhibits attached thereto. Thus, plaintiff's exhaustion objection fails. However, even if plaintiff's claim had been properly exhausted, he still would not be entitled to habeas relief.

As to Villarreal's objections reaching the merits of whether FCI McDowell could rehear the matter and impose sanctions for conduct occurring at BSCC, the court finds them to be without merit. This case is similar to an earlier case in which this court adopted the Proposed Findings and Recommendation of United States Magistrate Judge Cheryl A. Eifert. See Pena-Carrizoza v. Bragg, No. 1:14-cv-25696, 2016 W; 7155764, *1 (S.D.W. Va. Dec. 7, 2016). In her PF&R, Magistrate Judge Eifert considered several of the issues raised by Villarreal, including his reliance on the case of Arredondo-Virula v. Adler, 510 F. App'x 581 (9th Cir. 2013), and noted:

> Petitioner asserts in the § 2241 petition that Taft's DHO did not have the authority to disallow 68

days of Petitioner's good conduct credits, because Taft is a contracted facility operated by a private corporation. . . . Petitioner relies on <u>Arredondo-Virula v. Adler</u>, 510 Fed. Appx. 581 (9th Cir. 2013) in which the Ninth Circuit Court of Appeals held that an employee of a private contractor that ran a federal correctional institution was not an employee of the Bureau of Prisons or the Federal Prison Industries, Inc.; therefore, the employee could not take disciplinary action against a federal prisoner. The Ninth Circuit's decision in <u>Arredondo-Virula</u> was based upon a regulation in place at the time, which stated that "only institution staff may take disciplinary action," 28 C.F.R. § 541.10(b)(1) (2010); "staff" was defined in 28 C.F.R. § 500.1(b)(1) as "any employee of the Bureau of Prisons or Federal Prison Industries, Inc."

Since the court's ruling in <u>Arredondo-Virula</u>, the Code of Federal Regulations was revised, including sections concerning the inmate disciplinary process. According to the revisions, which took effect on June 20, 2011, the inmate discipline program applies to all prisoners in BOP custody, including those held in a contracted facility. 28 C.F.R. § 541.2 (2011) provides:

> This program applies to sentenced and unsentenced inmates in Bureau custody. It also applies to sentenced and unsentenced inmates designated to any prison, institution, or facility in which persons are held in custody <u>by direction of, or under an agreement with, the Bureau of Prisons</u>.

(emphasis added).

Consequently, section 541.10(b)(1) (2010), which contained the language the Ninth Circuit found to be determinative in <u>Arredondo-Virula</u>, was repealed.

* * *

In this case, petitioner received a re-hearing of Incident Report No. 2271172 before a DHO employed by the BOP. Therefore, the sanctions as to Incident Report No. 2271172 were imposed by "Bureau staff" in accordance with 28 C.F.R. § 541.1. . . . As such, the

7

> constitutional defect claimed by Petitioner in his
> habeas petition has been corrected with respect to
> Incident Report No. 2271172, rendering that portion of
> his petition moot.

Pena-Carrizoza v. Bragg, Case No. 1:14-cv-25696, 2016 WL 7168412, *3 (S.D.W. Va. Aug. 16, 2016); see also Green v. Masters, Case No. 1:14-cv-31194, 2017 WL 7312114, *3 (S.D.W. Va. Dec. 13, 2017) (holding that no due process or other constitutional violation occurred where disciplinary incident was reheard by BOP employee and sanction imposed by BOP employee).

Like the inmate in Pena-Carrizoza, plaintiff received a hearing before a DHO employed by the BOP. Without any authority to support his position, he contends that the BOP could not rehear the matter. See ECF No. 24 at p.2. To that end, Villarreal argues that "the due process for any re-hearing of the incident that had occurred at the private facilities' [sic] level would be violated" and that the staff at FCI McDowell "had no jurisdiction to re-hear the incident report and then resanction[]" him. Id. That argument is also without merit. In another case, Magistrate Judge Eifert discussed the authority of the BOP to act on an incident report issued by non-BOP staff:

> [T]he validity of an incident report issued by non-BOP
> staff at CI Taft has been discussed repeatedly by the
> United States District Court for the Eastern District
> of California, where CI Taft is located. The
> California District Court has roundly rejected Ramos's
> position that the mere issuance of an incident report
> by non-BOP staff is a constitutional violation. To the
> contrary, the Court has repeatedly held that an inmate
> challenging a disciplinary decision must demonstrate

8

that the participation of non-BOP staff early in the process in some way fouled the outcome. See, e.g., Alvarez-Tejada v. Benov, No. 1:13-cv-02092, 2014 WL 3529782, at *2-3 (E.D. Cal. Jul. 14, 2014) (holding that inmate was unable to show prejudice from the participation of non-BOP personnel in the early stages of the disciplinary process); Gonzalez v. Benov, No. 1:13-cv-01989, 2014 WL 2524207, at *2-3 (E.D. Cal. Jun. 4, 2014) (same); and Bolanos-Renteria v. Benov, No. 1:14-cv-00488, 2014 WL 5817532, at *3 (E.D. Ca. Nov. 6, 2014) (same). District Judges in at least one other jurisdiction, when looking at this exact issue, agreed with the Eastern District of California, requiring the petitioner to demonstrate that "participation by non-BOP staff in the early stages of the disciplinary process somehow tainted" the decision by a BOP-employed DHO. See, e.g., Rodriguez-Puente v. Feather, No. 3:14-cv-01939, 2015 WL 3514173, at *2 (D. Or. Jun. 4, 2015); and Topete v. Feather, No. 3:14-cv-00677, 2014 WL 7237677, at *2 (D. Or. Dec. 15, 2014). The undersigned finds the reasoning of these courts to be persuasive. Consequently, in the absence of a showing by Ramos that he was prejudiced by the involvement of CI Taft staff early in the process, Ramos has no valid claim. . . .

Similarly, Ramos's other argument–that the rehearing at FCI McDowell was inherently unconstitutional–lacks merit. Ramos does not allege that he was denied due process in the proceedings held at FCI McDowell; rather, he claims that FCI McDowell was precluded from hearing a disciplinary matter that did not occur at FCI McDowell. Ramos cites no statute, regulation, or case law to support his position. Indeed, contrary to Ramos's unsupported assertion, disciplinary rehearings are frequently conducted at BOP facilities different than the BOP facility at which the alleged infraction occurred. Inmates are routinely transferred from one facility to another. The mere occurrence of a transfer does not obviate the need to conclude hearings on an alleged infraction. See Terry v. Zych, No. 09-cv-12211. 2010 WL 931862, at *3 (E.D. Mich. Mar. 11, 2010) (finding that the BOP program statement "does not require that a warden may review only those disciplinary hearings conducted at a warden's facility); Russell v. Wilson, No. 2:15cv51, 2015 WL 4479744, at *2 (E.D. Va. Jun. 17, 2015) (infraction at FCI Williamsburg reheard at FCI Texarkana); Perotti v. Perdue, No.: 1:14CV112, 2015 WL

9

>      5725810, at *1 (N.D.W. Va. Sept. 30, 2015) (First
>      disciplinary hearing was held at FCI Fairton, where
>      incident occurred, while rehearing was held at FCI
>      Leavenworth).
>
>      In conclusion, Ramos received the relief he
> requested on one of the two incidents forming the basis
> of this petition, and a BOP-employed DHO provided him
> with a rehearing on the second incident. Ramos makes
> no specific allegation that the manner in which the
> proceedings were conducted at FCI McDowell violated his
> right to due process.

Ramos v. Masters, Case No. 1:14-cv-27812, 2015 WL 7450076, at *3 (S.D.W. Va. Oct. 20, 2015). As in Ramos, Villarreal's argument that the BOP could not rehear the disciplinary and impose sanctions is without merit. The proceedings at FCI McDowell afforded Villarreal the due process to which he was entitled under Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974), and there was a solid foundation for the imposition of sanctions.

### III. Conclusion

For the reasons discussed above, the court hereby OVERRULES plaintiff's objections and CONFIRMS and ACCEPTS the factual and legal analysis contained within the Proposed Findings and Recommendation. Accordingly, the court **DISMISSES** plaintiff's petition for Writ of Habeas Corpus; and **DIRECTS** the Clerk to remove this matter from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

IT IS SO ORDERED this 26th day of April, 2018.

                            ENTER:

                            *David A. Faber* (signature)
                            David A. Faber
                            Senior United States District Judge